UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YOSEF LEROI MUSTAFANOS, on behalf of family of SHIRLEY JEAN CLIFTON,<br><br>Plaintiff(s),<br>v.<br><br>LEON ABERASTURI, *et al.*,<br><br>Defendants. | Case No. 3:23-cv-00161-MMD-CSD<br><br>ORDER |

**I.     SUMMARY**

Yosef L. Mustafanos, proceeding *pro se*, initiated this action "on behalf of family and Shirley Jean Clifton."[1] (ECF No. 6 at 1.) The Complaint appears to stem from various events involving his sister Ms. Clifton's medical care. (*Id.* at 12-17.) Plaintiff filed a motion for substitution of party after he received notice of Ms. Clifton's passing on May 15, 2023. (ECF No. 31.) While the Court denies Plaintiff's request for substitution of party, the Court will address the pending motions since Plaintiff purports to assert the claims here "on behalf of family" and it is not clear how Ms. Clifton's passing would affect the claims. To preview, the Court grants the pending motions to dismiss and denies Plaintiff's pending motions.

**II.     DISCUSSION**

The Court organizes its discussion below by pending motion.

---

[1]As a *pro se* litigant, Plaintiff cannot represent anyone but himself, so the Court refers to him as Plaintiff and moves on to address the pending motions. *See, e.g.*, *Hillygus v. Doherty*, Case No. 19-15137, 2019 WL 3384896, at \*1 (9th Cir. June 27, 2019) ("Appellant Roger Hillygus may not represent other appellants because he is proceeding *pro se*.") (dismissing appeal as frivolous); *see also Hillygus v. Doherty*, Case No. 3:18-cv-00212-MMD-WGC, 2018 WL 6729637, at \*1 n.1 (D. Nev. Dec. 21, 2018) ("Plaintiff also purports to represent other plaintiffs, but cannot because he is proceeding *pro se*.").

### A. ECF No. 31

Plaintiff requests a hearing to allow for substitution of party for him to "proceed on behalf of his sister and her estate." (ECF No. 31.) Defendant the United States of America correctly points out in response that Plaintiff fails to satisfy Fed. R. Civ. P. 25(a)'s requirements for substitution in the event of the death of a party. (ECF No. 41 at 3.) *See also F.T.C. v. AMG Servs., Inc.*, Case No. 2:12-CV-00536-GMN, 2014 WL 2742872, at *1 (D. Nev. June 17, 2014) ("Rule 25 leaves the substitution decision to the trial court's discretion."). Here, Plaintiff has not provided any evidence to show that he is the successor in interest of, or a legal representative for, Ms. Clifton. *See id.* at *2 (noting in pertinent part that the movant must provide such evidence). The Court accordingly denies Plaintiff's motion for substitution. (ECF No. 31.) And the Court thus denies the related motions as moot—Plaintiff's motion for substitution of party (ECF No. 51) and Defendant Judge Leon Aberasturi's motion to strike that motion (ECF No. 54).

### B. ECF No. 16

Judge Aberasturi seeks dismissal on several grounds, including lack of subject matter jurisdiction and absolute immunity. (ECF No. 16.) The claims against Judge Aberasturi involve his adjudication and handling of two cases that appear to have been filed in 2015, one of which appears to have involved the guardianship of Ms. Clifton. (ECF No. 6 at 18-19.)

Judge Aberasturi argues that because Plaintiff seeks to challenge his decisions in two state court actions, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. (ECF No. 16 at 3-4.) The *Rooker-Feldman* doctrine states that federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). State court litigants may only obtain federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See Feldman*, 460 U.S. at 482. However, the *Rooker-Feldman* doctrine may only be applied after state court

proceedings have ended. *See Mothershed v. Justs. of Supreme Ct.*, 410 F.3d 602, 604 n.1 (9th Cir. 2005), *as amended on denial of reh'g* (July 21, 2005), *opinion amended on denial of reh'g*, Case No. 03-16878, 2005 WL 1692466 (9th Cir. July 21, 2005) (citations omitted). Here, the Complaint does not allege whether these two cases have concluded. (ECF No. 6.) Accordingly, the Court declines to apply the *Rooker-Feldman* doctrine.

However, Judge Aberasturi further argues that he is entitled to absolute immunity because Plaintiff's claims arise out of his judicial decisions. (ECF No. 16 at 4-9.) It is well established that judges who perform judicial functions are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The Court finds that absolute judicial immunity applies to bar Plaintiff's claims against Judge Aberasturi and will grant his motion to dismiss all of Plaintiff's claims against him.[2]

### C. ECF No. 26

Defendant the United States of America, appearing on behalf of the federal defendants, who are not properly named,[3] filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 26.[4]) Plaintiff failed to respond and the time for responding has passed. The Court therefore construes Plaintiff's failure to respond as

---

[2]The Court denies Judge Aberasturi's motion to stay (ECF No. 23) as moot. The Magistrate Judge had granted the identical motion to stay discovery (ECF No. 24) in any event. (ECF No. 38.)

[3]The federal defendants are Dept. Of Defense, U.S. Army Medical Command, U.S. Air Force Medical Service, Dept. Veterans Affairs, Brig. Gen. Jeanine M. Ryder, Hon. Jason M. Frierson (United States Attorney), James Robertson, LCSW, Mordecai S. Lavi M.D., Kevin Amick, Honorable Denis Richard McDonough (Secretary of Veteran's Affairs), Army Gen. Mark Milley (Chairman of the Joint Chief of Staff), Honorable Lloyd Austin, III (Secretary of Defense), and Lt. Gen. Raymond Scott Dingle (Surgeon General of the United States Army). (ECF No. 26 at 1 n.1.) The proper defendant would have been the United States. (*See id.*)

[4]The motion erroneously identifies the case number as 3:22-cv-00542-MMD-CLB, which is a prior case filed by the same Plaintiff, but the motion was filed in this case.

consent to granting the United States' motion. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). Plaintiff's claims against the United States are dismissed without prejudice.[5]

### D. ECF No. 44

Defendant Nathan Ure seeks to quash service of process, and seeks dismissal of the claims against him. (ECF No. 44.) Plaintiff failed to respond and the time for responding has passed. Ure asks that the Court construe Plaintiff's failure to respond as consent to granting his motion. (ECF No. 52.) The Court agrees and grants Ure's motion (ECF No. 44). *See* LR 7-2(d). The Court accordingly quashes service of process as to Ure and dismisses Plaintiff's claims against Ure without prejudice.

### E. ECF No. 47

Plaintiff filed a motion for entry of default (ECF No. 47) and motion for default judgment (ECF No. 48) against Defendant Constance E. Monda. The Complaint identifies Monda as "Defendant No. 13." (ECF No. 6 at 8.) However, Plaintiff has not filed any proof of service of the summons and Complaint on Monda. While Plaintiff filed purported proof of service as to the default judgment motion and related documents concurrently with his default judgment motions (ECF No. 50), Fed. R. Civ. P. 4(c)(1) requires service of a copy of the complaint and the summons. The Court accordingly denies Plaintiff's motions for default as to Monda. (ECF Nos. 47, 48.) Moreover, as more than 90 days have elapsed since Plaintiff filed the Complaint in this case, and under Fed. R. Civ. P. 4(m), the Court will dismiss Monda from this case without prejudice unless Plaintiff files proper proof of service as to Monda within 30 days of the date of entry of this order. The same analysis applies to several other defendants

---

[5]The Court thus denies Plaintiff's motion for entry of default (ECF No. 30) and motion for a ruling on that motion (ECF No. 34) as moot.

specified in the Conclusion section as well. The Court will similarly dismiss them if Plaintiff does not timely file proper proof of service as to them.

### III. CONCLUSION

It is therefore ordered that Plaintiff's motions for substitution of party (ECF No. 31, 51) and Defendant's motion to strike (ECF No. 54) are denied as specified herein.

It is further ordered that Defendant Judge Aberasturi's motion to dismiss (ECF No. 16) is granted, and his motion to stay (ECF No. 23) is denied as moot.

It is further ordered that Judge Aberasturi is dismissed from this case with prejudice under the judicial immunity doctrine, as amendment would be futile.

It is further ordered that the United States' motion to dismiss (ECF No. 26) is granted. Claims against the United States and the federal defendants named in the Complaint, including the following individuals and agencies, are dismissed without prejudice: Dept. Of Defense, U.S. Army Medical Command, U.S. Air Force Medical Service, Dept. Veterans Affairs, Brig. Gen. Jeanine M. Ryder, Hon. Jason M. Frierson (United States Attorney), James Robertson, LCSW, Mordecai S. Lavi M.D., Kevin Amick, Honorable Denis Richard McDonough (Secretary of Veteran's Affairs), Army Gen. Mark Milley (Chairman of the Joint Chief of Staff), Honorable Lloyd Austin, III (Secretary of Defense), and Lt. Gen. Raymond Scott Dingle (Surgeon General of the United States Army).

It is further ordered that Defendant Nathan Ure's motion to quash service and to dismiss (ECF No. 44) is granted.

It is further ordered that Ure is dismissed from this case without prejudice.

It is further ordered that under Fed. R. Civ. P. 4(m), the Court will dismiss Defendant Constance E. Monda from this case without prejudice unless Plaintiff files proper proof of service as to Monda within 30 days of the date of entry of this order.

It is further ordered that under Fed. R. Civ. P. 4(m), the Court will dismiss the following defendants from this case without prejudice unless Plaintiff files proper proof of service as to them within 30 days of the date of entry of this order: Covenant Care

LLC, Nevada Health Care System, State of Nevada, and Nevada Attorney General Aaron Ford.

It is further ordered that, if the Court dismisses all of the above referenced defendants under Rule 4(m), the Court will dismiss this case in its entirety at that time.

It is further ordered that Plaintiff's remaining, pending motions (ECF Nos. 30, 34, 47, 48) are denied as specified herein.

DATED THIS 10th Day of October 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE