UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

YOSEF LEROI MUSTAFANOS,
on behalf of family of SHIRLEY JEAN
CLIFTON,

                    Plaintiff(s),

        v.

NEVADA HEALTH CARE SYSTEM, *et al.*,

                    Defendants.

Case No. 3:23-cv-00161-MMD-CSD

ORDER

## I.    SUMMARY

Yosef L. Mustafanos, proceeding *pro se*, initiated this action "on behalf of family and Shirley Jean Clifton." (ECF No. 6 at 1.) The Court previously granted three motions to dismiss, resulting in dismissal of the following defendants: Judge Leon Aberasturi; Nathan Ure; and the United States of America, who appeared on behalf of several improperly named federal defendants.[1] (ECF No. 57 ("Dismissal Order").) The Dismissal Order also provided notice to Plaintiff that under Fed. R. Civ. P. 4(m), the Court would dismiss the following defendants without prejudice unless Plaintiff filed proper proof of service within 30 days (November 9, 2023): Constance E. Monda, Covenant Care LLC, Nevada Health Care System, State of Nevada, and Nevada Attorney General Aaron Ford. (*Id.* at 5-6.) Plaintiff has since filed another motion for default judgment against Monda (ECF No. 58 ("Motion")), and several additional motions for default judgment

---

[1]The federal defendants are Dept. Of Defense, U.S. Army Medical Command, U.S. Air Force Medical Service, Dept. Veterans Affairs, Brig. Gen. Jeanine M. Ryder, Hon. Jason M. Frierson (United States Attorney), James Robertson, LCSW, Mordecai S. Lavi M.D., Kevin Amick, Honorable Denis Richard McDonough (Secretary of Veteran's Affairs), Army Gen. Mark Milley (Chairman of the Joint Chief of Staff), Honorable Lloyd Austin, III (Secretary of Defense), and Lt. Gen. Raymond Scott Dingle (Surgeon General of the United States Army). (ECF No. 26 at 1 n.1.) The proper defendant would have been the United States. (*See id.*)

(ECF Nos. 59-63). The Court will deny these motions. The Court will give Plaintiff another opportunity to show cause why Monda should not be dismissed. Moreover, because Plaintiff has not filed proper proof of service of process as to the remaining defendants, the Court will dismiss the remaining defendants.

## II.    DISCUSSION

### A.  Plaintiff's Motion for Default Judgment Against Monda

Plaintiff again moves for default judgment against Monda. (ECF No. 58.) But as explained in the Dismissal Order (ECF No. 57 at 4-5), the Court remains unconvinced that Plaintiff has filed proper proof of service of the summons and Complaint on Monda. Plaintiff's Motion contains what purports to be proof of service of the Summons on Monda. (ECF No. 58 at 2-3.) But it is not clear to the Court that service has been properly effectuated. The proof of service form contains a sentence below the server's address stating: "I served the summons and complaint to Mr. Nicholas Monda, Constance Monda's husband at their home: [identifying a San Antonio, Texas address]." (*Id.* at 3.) This note is in different handwriting than the address of the server. (*Id.*) Moreover, the server identified their address as in Reno, but service was purportedly made at an address in San Antonio, Texas. (*Id.*) Service does not appear to have been proper. Plaintiff's Motion is thus denied without prejudice.

The Court also orders Plaintiff to show cause why Monda should not be dismissed from this case for improper service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."). Plaintiff must show cause, in writing, within 30 days of the date of entry of this order. If Plaintiff fails to timely file a show cause response, the Court will dismiss Monda from this case without prejudice.

### B.  Plaintiff's Motions for Default Judgment Against Federal Defendants

Plaintiff also seeks default judgment against Defendants Department of Veterans' Affairs, Kevin Amick, James Robertson, and Mordecai S. Lavi. (ECF Nos. 59, 61, 62, 63.) But the Court dismissed the claims against the federal defendants, including the

1   Department of Veterans' Affairs, Kevin Amick, James Robertson, and Mordecai S. Lavi.

2   (ECF No. 57 at 3-4, 5.) Accordingly, the Court denies the corresponding motions for

3   default judgment (ECF Nos. 59, 61, 62, 63) as moot.

4        **C.  Plaintiff's Remaining Motion for Default Judgment**

5        In addition, Plaintiff seeks default judgment against VA Sierra Nevada Health

6   Care System ("the System"). (ECF No. 60.) However, no proper proof of service has

7   been filed as to the System. To the extent Plaintiff has renamed the entity he previously

8   referred to as the Nevada Health Care System, he has not filed proper proof of service

9   for that entity, either. (*See* ECF No. 57 at 5-6.) Accordingly, the Court denies Plaintiff's

10  motion for default judgment (ECF No. 60) against the System, and as moot to the extent

11  he seeks default judgment against the Nevada Health Care System.

12       **D.  Dismissal of Claims Against Remaining Defendants**

13       The Dismissal Order gave Plaintiff until November 9, 2023, to file proper proof of

14  service of process as to the following Defendants: Covenant Care LLC, Nevada Health

15  Care System, State of Nevada, and Nevada Attorney General Aaron Ford. (ECF No. 57

16  at 5-6.) The Court warned failure to timely file proper proof of service would result in the

17  dismissal of claims against these defendants under Fed. R. Civ. P. 4(m). (*Id.*) But

18  Plaintiff has not timely filed proper proof of service as to these defendants. As further

19  explained below, the Court will therefore dismiss these defendants without prejudice as

20  well.

21       District courts have the inherent power to control their dockets and "[i]n the

22  exercise of that power, they may impose sanctions including, where appropriate . . .

23  dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829,

24  831 (9th Cir. 1986) (citation omitted). A court may dismiss an action based on a party's

25  failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d

26  1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule

27  requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal*

28  *Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (affirming dismissal for failure to comply

with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of these defendants. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). And the fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal mentioned above.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citation omitted).

Because this action cannot realistically proceed until and unless Plaintiff properly serves these defendants, the only alternative is to enter a second order setting another

deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint from the docket that Plaintiff needs additional time, or evidence that he did not receive the Court's Dismissal Order. Indeed, he filed frivolous motions for default judgment instead of attempting to comply with the Court's Dismissal Order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. The Court will accordingly dismiss Defendants Covenant Care LLC, Nevada Health Care System, State of Nevada, and Nevada Attorney General Aaron Ford from this case without prejudice.

## III.    CONCLUSION

It is therefore ordered that Plaintiff's motions for default judgement (ECF Nos. 58, 59, 60, 61, 62, 63) are denied.

It is further ordered that Plaintiff must show cause, in writing, within 30 days, how his service of Defendant Constance E. Monda complied with Fed. R. Civ. P. 4.

It is further ordered that, if Plaintiff either does not show cause as to Monda, or fails to timely file a response, the Court will dismiss Monda from this case.

It is further ordered that Defendants Covenant Care LLC, Nevada Health Care System, State of Nevada, and Nevada Attorney General Aaron Ford are also dismissed from this case without prejudice.

DATED THIS 14th Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE